**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| SYNOVUS BANK, ) | |
| ) | No. 9:14-cv-2057-DCN |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| NARDONE ENTERPRISES, INC.; ) | |
| RICHARD C. NARDONE; ALIX ) | |
| NARDONE; and DAVID DAILEY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on a motion for relief from judgment filed by defendants Nardone Enterprises, Inc. ("Nardone Enterprises"), Richard C. Nardone ("Richard"), and Alix Nardone ("Alix") (collectively, "the Nardone defendants"). For the reasons set forth below, the court denies the Nardone defendants' motion.

In this lawsuit, plaintiff Synovus Bank ("Synovus") alleges that defendants failed to pay it money due under promissory notes and guarantees. On February 27, 2015, Synovus filed a motion for summary judgment. When the Nardone defendants and fellow defendant David Dailey ("Dailey") failed to respond to the motion, the court granted Synovus summary judgment on March 27, 2015. On April 6, 2015, the Nardone defendants filed the instant motion for relief from judgment.[1] Synovus responded on April 21, 2015. The court held a hearing on May 6, 2015. At the hearing, the court denied the motion as to Nardone Enterprises and Richard and took the motion under advisement as to Alix. This order articulates the reasoning underlying the court's oral order and applies that reasoning to all of the Nardone defendants.

---

[1] Dailey has not moved for relief from judgment.

1

The Nardone defendants bring their motion pursuant to Federal Rule of Civil Procedure 60(b), which provides that

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> . . .
>
> (6) any other reason that justifies relief.

Before seeking relief under one of the six subsections of Rule 60(b), the moving party must first satisfy a four-part threshold test. Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). This test requires the movant to demonstrate: (1) timeliness; (2) a lack of unfair prejudice to the opposing party; (3) a meritorious defense; and (4) exceptional circumstances. Id.; see also Wilson v. Thompson, 138 F. App'x 556, 557 (4th Cir. 2005) (citation omitted) ("The extraordinary remedy of Rule 60(b) is only to be granted in exceptional circumstances."). The Fourth Circuit has described this threshold test as "onerous" and has noted that movants are "unlikely" to clear such a hurdle. Coomer v. Coomer, 217 F.3d 838, *4 (4th Cir. 2000) (unpublished). The disposition of a Rule 60(b) motion is within the sound discretion of the district court. Evans v. United Life & Acc. Ins. Co., 871 F.2d 466, 472 (4th Cir. 1989).

The Nardone defendants' motion fails. The motion is completely devoid of <u>any</u> defense, much less a meritorious one, with regard to Nardone Enterprises and Richard. While the Nardone defendants' counsel attempted to articulate a defense with regard to Alix at the hearing, his argument fell well short of what is required to show a meritorious defense. See Moxhet v. Telstar Cable Commc'ns, Inc., No. 4:13-cv-896, 2014 WL 7146977, at *3 (D.S.C. Dec. 15, 2014) ("A meritorious defense is shown when the

moving party makes a presentation or proffer of evidence which, if believed, would permit the court to find for the defaulting party.").

Because the Nardone defendants fail to satisfy Rule 60(b)'s threshold test, the court **DENIES** their motion for relief from judgment.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 15, 2015**
**Charleston, South Carolina**

3